# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **AE Association, LLC,** | 4:17-CV-10392-TGB-APP |
| Plaintiff, | |
| vs. | **ORDER CONTINUING HEARING AND REQURING SUPPLEMENTAL MATERIALS** |
| **WTI Corporation Limited et al.,** | |
| Defendants. | |

This case concerns an American sales representative firm ("AE") and several defendant manufacturing companies based in China or in Hong Kong. Plaintiff alleges that Defendants owe commission payments for sales that AE helped arrange for them. As it stands, Plaintiff has stipulated to the dismissal of all Defendants except for Ningbo LongYuan, a Chinese corporation. Fed. R. Civ. P. 55(a) allows the Court to enter a default against a party who "has failed to plead or otherwise defend." On October 29, 2018, the Court entered a default against Ningbo LongYuan after it failed to appear in this case, despite Plaintiff's best efforts to contact and effect service of process on it. ECF No. 18.

After the default was entered, Plaintiff conducted discovery in order to determine exactly how much money it was owed by Ningbo LongYuan.

1

Having gathered that information, AE has now filed a Motion for Default Judgment (ECF No. 43) describing the commission payments Plaintiff believes it is owed for sales it allegedly facilitated between Ningbo LongYuan and Borg Warner (a U.S.-based company that is not a party to this action). Plaintiff's motion disclosed that on May 10, 2019, Plaintiff received an e-mail from someone purporting to represent Ningbo LongYuan. This email indicated that service of process had finally been successfully completed and included Ningbo LongYuan's Answer to the Complaint. ¶ 7, ECF No. 43, PageID.978.

At the hearing conducted on Plaintiff's Motion for Default Judgment on May 7, 2021, the Court made inquiries regarding the contact with Ningbo LongYuan, as well as the basis for Plaintiff's damages request. Plaintiff indicated that it did not reply to Ningbo LongYuan's email of May 2019.

If a party has "appeared" in a case, it must receive at least seven days' notice before any hearing on a default judgment. Fed. R. Civ. P. 55(b)(2). Although the typical method of "appearance" is to file an appearance with the court, this is not the only manner of appearing: "courts now look beyond the presence or absence of such formal actions to examine other evidence of active representation. Several cases have held that informal contacts between parties may constitute an appearance." *Lutomski v. Panther Valley Coin Exch.*, 653 F.2d 270, 271 (6th Cir. 1981). Ningbo LongYuan has never filed an appearance with

this Court, nor does it appear to have retained a U.S.-based attorney, but it did contact Plaintiff by email in what appears to be an attempt to respond in this case. The Court finds that this is sufficient to be considered an "appearance" and that Ningbo LongYuan must be given notice that a hearing is being held on a Motion for Default Judgment against it before the Court can properly enter any judgment.

It is therefore **ORDERED** that:

- The hearing on Plaintiff's Motion for Default Judgment will be continued to June 14, 2021 at 2 PM Eastern Standard Time. Within seven days of the date of this Order, Plaintiff shall serve notice by email and by FedEx to Defendant Ningbo LongYuan of the above hearing date and time, the purpose of the hearing, the contents of this order, and the need for Defendant Ningbo LongYuan to retain U.S. counsel to represent it in this matter. Plaintiff shall file a notice with the Court certifying that it has served Ningbo LongYuan and shall include a copy of the notice provided.
- No later than seven days prior to the continued hearing date, Plaintiff will file the following supporting materials:
  - Any records from Borg Warner in support of Plaintiff's request for damages, which may be accompanied by a motion to seal if necessary to preserve confidentiality;

- Any other records supporting Plaintiff's request for estimated or future commissions;
- Any corroborating documentation Plaintiff is able to obtain in support of the affidavit of its executive (ECF No. 43-3), in particular:
  - Any information regarding its relationship with Ningbo LongYuan;
  - Any communications or records of meetings between its executive and representatives of Ningbo LongYuan; and
  - Any additional information it may have in support of its contention (¶ 2, ECF No. 43, PageID.976) that Ningbo LongYuan understood that it was engaging AE to solicit business and that AE is therefore owed the commissions as described.

**SO ORDERED** this 13th day of May, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge